JOHN R. GIBSON, Circuit Judge,
dissenting.
I respectfully dissent. I would affirm the judgment of the district court and award the fee as reduced in the district court order.
The court today bases its ruling primarily on the view that the Hearing Review Officer ordered a remedy “obviously derived from state law,” and, looking to cases under 42 U.S.C.A. § 1988 (West Supp.1997), the district court could not award a fee where the plaintiff only prevailed on state law claims.
The court today improperly characterizes Warner’s relief as grounded exclusively in state law, based on the court’s misapprehension of the reach of the Individuals with Disabilities Education Act. The Act, 20 U.S.C. §§ 1400-1491o, sets out a program of federal assistance to state and local efforts to meet the educational needs of disabled children, but it conditions that assistance on state compliance with certain procedures and safeguards. See 20 U.S.C. § 1412 (conditioning state eligibility for assistance on complying with numerous conditions).
While the district court was correct in referring to the independent educational assessment ordered by the Hearing Review Officer as authorized by Minnesota administrative rule, the state regulation must be viewed in its IDEA context. The IDEA specifically requires states to allow parents an opportunity to obtain an independent educational evaluation of the child. 20 U.S.C. § 1415(b)(1)(A); see 34 C.F.R. § 300.503 (1997). Federal regulations authorize an independent educational evaluation conducted by a qualified examiner not employed by the public agency responsible for the child’s education, and subsection (d) specifically authorizes a Hearing Officer to request such an evaluation. 34 C.F.R. § 300.503(d). This is precisely what was ordered in this case.
*1339 Further, the provision of special education services at the private school, Tesseraet, was, as stated by the district judge, consistent with the requirements of the IDEA. The Hearing Review Officer specifically ordered nursing services at the District School in accordance with state and federal law. The Hearing Review Officer also ordered that the IEP designate the student’s primary disorder as E/BD (emotional/behavioral disorder), but that OHI (other health impairment) be added as a secondary handicapping condition.
While the district court and the Hearing Review Officer referred only to the Minnesota regulations, under the cooperative arrangement fostered by IDEA, the relief granted Eric sprang not only from the state statutes and regulations made to effectuate the federal programs, but was directly required by the federal statutes and regulations as well.
The court today looks at only one-half of the coin in looking to those portions of the Hearing Review Officer’s opinion and the district court order stating that Warner had not succeeded in showing a violation of IDEA. To the contrary, relief authorized by both the IDEA and Minnesota statutes and regulations was the basis for the Hearing Review Officer’s order.
The ease before us is therefore distinguishable from Reel v. Arkansas Dept. of Correction, 672 F.2d 693, 697-98 (8th Cir.1982), in which the plaintiff lost his federal claim on the merits, but sought attorneys’ fees because of success on pendent state common law claims.
The court recognizes that 20 U.S.C. § 1415(e)(2) provides that a party aggrieved by the findings and decisions of the state agency may bring an action in federal or state court. Sections 1415(e)(4)(B),(C) and (D) further provide that in any action brought under the subsection, the court may award reasonable attorneys’ fees to the parents or guardian of a child or youth with a disability who is the prevailing party. The relief obtained by Warner was authorized by the fabric of federal and state statutes and regulations, and justifies the fee award.
Further, I believe that the court misreads Farrar v. Hobby, 506 U.S. 103, 111, 113 S.Ct. 566, 572-73, 121 L.Ed.2d 494 (1992). The district court concluded, accurately I believe, that, in the respects we have discussed above, Warner “did succeed in altering the legal relationship between the parties by gaining an enforceable judgment that provides some relief to Eric” and thus met the threshold requirement for prevailing party status. This court, in contrast, acknowledges that material alteration of the legal relationship appears in the prevailing party decisions, but states it is a standard by which the court measures how much relief on the merits is sufficient to justify at least a partial fee award, but not the basis for awarding fees to a plaintiff who did not prevail on the merits of any claim under the fee shifting statute. The latter conclusion is simply contrary to the language in both Farrar and Texas State Teachers Association v. Garland Independent School District, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), that “[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.” Garland Indep. School Dish, 489 U.S. at 789, 109 S.Ct. at 1492, quoted in Farrar, 506 U.S. at 111, 113 S.Ct. at 573.
The School District’s behavior has been modified in ways that directly benefit Erie, as we have described above. The district court rejected arguments that the relief obtained was gratuitous or de minimis. I would award fees and affirm the judgment of the district court.